ORAL ARGUMENT SCHEDULED FOR JANUARY 19, 2022

No. 21-5200

# IN THE UNITED STATES COURT OF APPEALS FOR THE D.C. CIRCUIT

Nancy Gimena Huisha-Huisha, et al.,

*Plaintiffs-Appellees*,

*v.*

Alejandro Mayorkas, et al.,

*Defendants-Appellants*,

On Appeal from the United States District Court
for the District of Columbia
Case No. 1:21-cv-00100-EGS

## MOTION OF *AMICUS CURIAE* THE STATE OF TEXAS TO PARTICIPATE IN ORAL ARGUMENT

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Judd E. Stone II<br>Solicitor General |
| Brent Webster<br>First Assistant Attorney General | Ryan S. Baasch<br>Assistant Solicitor General<br>Ryan.baasch@oag.texas.gov |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | Leif A. Olson<br>Special Counsel<br><br>Counsel for Amicus Curiae the State of Texas |

Pursuant to D.C. Circuit Rule 34(e), *amicus curiae* the State of Texas ("Texas") respectfully moves this Court for leave to participate in oral argument in the above-captioned case and further requests that it be granted seven minutes of argument time. Texas satisfies this Court's "extraordinary reasons" requirement for amicus participation at oral argument because Texas (1) would present dispositive statutory interpretation arguments that the parties have not addressed; (2) has a unique institutional interest and expertise in the subject matter and potential doctrinal repercussions of this case; and (3) will bear an outsized burden throughout the duration of COVID-19, and potentially again in the future, if Appellees' view of the law is adopted. Counsel for Appellants and Appellees oppose this motion.

This case concerns an issue of first impression and tremendous importance: the proper interpretation of 42 U.S.C. § 265. Texas is uniquely invested in the answer to that question because the Court's decision will shape how effectively the United States, or even the State itself, may prevent communicable diseases from being introduced into Texas across its 1,000+ mile international border. On October 11, Texas moved for leave to intervene to protect its interest. On October 26, the Court denied that motion but invited Texas "to participate as amicus curiae." On October 28, Texas filed an amicus brief presenting distinct statutory interpretation arguments that Appellants and Appellees have not addressed. Extraordinary reasons justify extending the Court's invitation for Texas to participate as an amicus to include Texas's participation at oral argument.

*First*, this case presents a novel question of statutory interpretation that neither this Court nor any other circuit court has addressed. *See Amadis v. DOJ*, Case No. 19-5088 (D.C. Cir. Jan. 13, 2020) (granting motion to participate at oral argument where amici sought to present statutory interpretation arguments in case of first impression). Specifically, this case presents the question whether 42 U.S.C. § 265 authorizes the Executive branch to summarily expel aliens who enter from a country experiencing spread of a communicable disease. Appellants and Appellees principally focus on whether this statute *itself* grants expulsion power to the Executive. Texas, by contrast, contends that the Executive branch has multiple *other* sources of expulsion authority, and that 42 U.S.C. § 265 permits the Executive to "suspend" the statutory *defenses* that aliens would invoke against those other expulsion authorities. This presents a dispositive alternative ground to reverse the district court and to establish precedent on this important statutory interpetation question. *See Klayman v. Obama*, Case No. 14-5004 (D.C. Cir. Oct. 7, 2014) (granting multiple opposed motions to participate in oral argument where amici offered alternative grounds for affirmance). In addition, it closely matches an interpretation the previous administration advanced when promulgating the orders at issue here. *See* Control of Communicable Diseases; Foreign Quarantine: Suspension of the Right to Introduce and Prohibition of Introduction of Persons into United States from Designated Foreign Countries or Places for Public Health Purposes, 85 Fed. Reg. 56,424, 56,426 (Sept. 11, 2020) (stating that the law "grants [the Executive] the authority to temporarily suspend the effect of any law, rule,

decree, or order by which a person would otherwise have the right to be introduced or seek introduction into the U.S.").

*Second*, Texas has a unique institutional interest and expertise in the subject of this litigation and the potential doctrinal repercussions of the Court's ruling. *See Nat'l Ass'n for Surface Finishing v. EPA*, Case No. 12-1459 (D.C. Cir. Nov. 11, 2014) (granting California agencies' opposed motion to particiate in oral argument where California had unique institutional interest in outcome of regulatory question). Texas is currently litigating multiple challenges implicating federal authority at the border,[1] including the Executive branch's exercise of its Title 42 authority. *See Texas v. Biden*, 4:21-cv-00579-P (N.D. Tex.). Texas can assist the Court at argument by addressing the interplay of these multiple litigations and how a decision in this one could affect the broader regulatory field governing border security and public health. For example, in *United States v. Texas*, 3:21-cv-173 (W.D. Tex.), Texas is actively litigating the scope of its own authority to limit spread of COVID-19 by aliens subject to expulsion under Title 42. The district court there preliminarily enjoined a Texas Executive Order governing movement of those aliens as preempted. 2021 WL 4848743 (W.D. Tex. Aug. 26, 2021). If that order stands, a ruling for Appelles here may have particularly grave public health repercussions. It may, for example, mean that government actors at every level of our federal system are materially limited

---

[1] *Texas v. United States*, 1:18-cv-68 (S.D. Tex.) (DACA); *Texas v. Biden*, 2:21-cv-67 (N.D. Tex.) (Migrant Protection Protocols); *Texas v. United States*, 6:21-cv-3 (S.D. Tex.) (pause on removals); *Texas v. United States*, 6:21-cv-16 (S.D. Tex.) (prioritization of removal); *United States v. Texas*, 3:21-cv-173 (W.D. Tex.) (Texas authority to restrict transport of aliens).

from restricting the flow of aliens with communicable diseases. Texas is prepared to address this and many other potential effects of a ruling for Appellees.

*Third*, if the district court's order is not reversed, Texas will suffer outsized impacts both now and in the future. *See, e.g.*, *United States v. AT&T*, Case No. 18-5214 (D.C. Cir. Nov. 30, 2018) (granting opposed motion to participate at oral argument where amici had special interest in development of key legal precedent). According to the district court (and Appellees), the federal government lacks authority to summarily expel aliens who enter from a country suffering from a communicable disease outbreak. Instead, Appellees argue that the Executive must allow those aliens to remain in the United States for months, if not years, to litigate potential statutory privileges to remain indefinitely. Necessarily, aliens carrying a communciable disease will be able to spread that disease during this lengthy stay. That will have an outsized impact on Texas both during COVID-19 and during any future event where aliens with a communicable disease are crossing the southern border. The facts of the current pandemic vividly illustrate the problem, as multiple Texas communities were forced to declare states of disaster because of the recent surge of aliens carrying COVID-19. *See* Texas Amicus Br. at 22-23.

## CONCLUSION

For the foregoing reasons, Texas respectfully requests that the Court allocate seven minutes of argument time for Texas to present oral argument.

Respectfully submitted.

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | JUDD E. STONE II<br>Solicitor General |
| BRENT WEBSTER<br>First Assistant Attorney General | /s/ Ryan S. Baasch<br>RYAN S. BAASCH<br>Assistant Solicitor General<br>Ryan.baasch@oag.texas.gov |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1896<br>Fax: (512) 370-9191 | LEIF A. OLSON<br>Special Counsel<br><br>Counsel for Amicus Curiae the State of Texas |

6

## Certificate of Service

On December 1, 2021, the foregoing motion was served via CM/ECF on all registered counsel.

                                              /s/ Ryan S. Baasch  
                                              Ryan S. Baasch