[ORAL ARGUMENT SCHEDULED JANUARY 19, 2022]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,

    Plaintiffs-Appellees,

    v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,

    Defendants-Appellants.

No. 21-5200

---

## DEFENDANTS' OPPOSITION TO AMICUS THE STATE OF TEXAS'S MOTION TO PARTICIPATE IN ORAL ARGUMENT

BRIAN M. BOYNTON
  *Acting Assistant Attorney General*

MATTHEW M. GRAVES
  *United States Attorney*

SHARON SWINGLE
JOSHUA WALDMAN
ASHLEY A. CHEUNG
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-0236*
  *joshua.waldman@usdoj.gov*

Having been denied leave to intervene on appeal, the State of Texas now seeks to participate in the oral argument as amicus curiae. Under D.C. Circuit Rule 34(e), however, an amicus "will not be permitted to participate in the oral argument" absent "extraordinary reasons." Texas has not met that standard.

**1.** Texas argues that this case presents a novel question of statutory interpretation, Mot. 3, but that is true in many cases and does not constitute an extraordinary reason for Texas to participate at oral argument or distinguish Texas from the multiple other amici that have filed briefs in this case. *Amadis v. DOJ*, No. 19-5088, does not support Texas's argument either; in that case, neither party opposed the motion to participate in the oral argument.

Texas contends that it will focus on "*other* sources of expulsion authority," Mot. 3, by which it presumably means the State's argument that "the Executive * * * has always possessed expulsion authority under Article II" and thus the government "does not need to rely on Section 265 in order to expel aliens." Texas Amicus Br. 15. But those other expulsion authorities are not at issue in this appeal: The CDC Order challenged by the plaintiffs in this case expressly invokes only the government's statutory authority under the Public Health Service Act (including 42 U.S.C. § 265) and its implementing regulations, 1 App. 149; the district court enjoined the government "from applying the Title 42 Process," 1 JA 68; and the district court's reasoning relied only on its interpretation of the statutory authority

conferred by Section 265, 1 JA 101-112.  Moreover, presenting alternative arguments not raised by the parties is not an "extraordinary reason" justifying an amicus' participation in oral argument.

      Texas's reliance (Mot. 3) on *Klayman v. Obama*, No. 14-5004, is misplaced. One party took no position on the motion of the Electronic Frontier Foundation and the ACLU to participate in the oral argument, and the other party opposed only to the extent it would reduce his own argument time.  *See id.*, Corrected Motion of *Amicus Curiae* the Electronic Frontier Foundation at 1 (Sept. 19, 2014); *id.,* Response of Klayman Appellees (Sept. 19, 2014).  Another amicus (Center for National Security Studies) also moved to participate in the oral argument to "present [] narrower, statutory grounds on which this Court can resolve this matter," which issues were "fully briefed and argued" below and which might help avoid "ruling on the constitutional issues presented by the parties."  *See id.*, Motion of *Amicus Curiae* Center for National Security Studies 2-3 (Sept. 26, 2014). Texas's motion does the opposite, asking to participate in oral argument to introduce constitutional Article II issues in a case that would otherwise focus on a question of statutory interpretation, and to discuss issues that were not briefed or argued below.

      **2.** Texas asserts that it has a "unique" interest in the subject of this litigation and the outcome of this case.  Mot. 4.  But the federal government's defense of the

2

CDC Order and its Section 265 authority already adequately advances those same interests. This Court has already determined that Texas did not meet the standard for intervention on appeal, which considers, *inter alia*, whether the putative intervenor's interests are adequately represented by other parties in the litigation. *See* Order, *Huisha-Huisha v. Biden*, No. 21-5200 (Oct. 21, 2021); *Defenders of Wildlife v. Persiacepe*, 713 F.3d 1317, 1322-23 (D.C. Cir. 2013).

Texas's intent to "address[]" its "multiple litigations" in other pending district court cases (Mot. 5) is a reason to *deny* the motion, not to grant it. Texas's positions in those other pending litigation matters are not relevant to the question of whether Section 265 authorizes expulsion, and interjecting those issues into this case would force the government to simultaneously seek reversal of the preliminary injunction while also refuting Texas's litigation position in different district court matters. *Cf.* Texas Reply in support of Mot. to Intervene at 3 (asserting that it "will not litigate" issues in other immigration-related matters were it permitted to intervene here).

**3.** Texas argues that it "will suffer outsized impacts" if the preliminary injunction is not vacated. Mot. 5. But the federal government's defense of the CDC Order and its arguments for reversal already protect those interests without the need for additional participation from the State at oral argument. Moreover, many cases involve issues where the outcome has significant consequences for

3

amici, yet that alone does not present "extraordinary reasons" for permitting those amici to participate at oral argument.

## CONCLUSION

For the foregoing reasons, Texas's motion to participate in oral argument should be denied.

                Respectfully submitted,

                BRIAN M. BOYNTON
                  *Acting Assistant Attorney General*

                SHARON SWINGLE

                */s/ Joshua Waldman*
                JOSHUA WALDMAN
                ASHLEY A. CHEUNG
                  *Attorneys, Appellate Staff*
                  *Civil Division*
                  *U.S. Department of Justice*
                  *950 Pennsylvania Avenue NW*
                  *Washington, DC 20530*
                  *(202) 514-0236*
                  *joshua.waldman@usdoj.gov*

December 2021

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Opposition to the motion to participate in oral argument satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 766 words. This motion also complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font, a proportionally spaced typeface.

                                              */s/ Joshua Waldman*
                                              JOSHUA WALDMAN

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Joshua Waldman
JOSHUA WALDMAN