ORAL ARGUMENT SCHEDULED FOR JANUARY 19, 2022
_____

No. 21-5200
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

NANCY GIMENA HUISHA-HUISHA, on behalf of
herself and others similarly situated, et al.,

*Plaintiffs-Appellees*,

v.

ALEJANDRO MAYORKAS, et al.,

*Defendants-Appellants*.
_____

On Appeal from the United States District Court
for the District of Columbia
No. 1:21-cv-100
Hon. Emmet G. Sullivan
_____

**PLAINTIFFS-APPELLEES' OPPOSITION TO *AMICUS CURIAE* THE STATE OF TEXAS'S MOTION TO PARTICIPATE IN ORAL ARGUMENT**
_____

| | |
|---|---|
| Stephen B. Kang | Lee Gelernt |
| Cody Wofsy | Omar Jadwat |
| Morgan Russell | Daniel A. Galindo |
| My Khanh Ngo | Ming Cheung |
| American Civil Liberties Union | David Chen |
| Foundation, Immigrants' Rights Project | American Civil Liberties Union Foundation, Immigrants' Rights Project |
| 39 Drumm Street | 125 Broad Street, 18th Floor |
| San Francisco, CA 94111 | New York, NY 10004 |
| (415) 343-0774 | (212) 549-2600 |
| | lgelernt@aclu.org |

*Attorneys for Plaintiffs-Appellees*          (*Additional Counsel on Next Page*)

Andre Segura
Kathryn Huddleston
Brantley Shaw Drake
American Civil Liberties Union
Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
(713) 942-8146

Karla M. Vargas
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
(956) 787-8171

Jamie Crook
Blaine Bookey
Karen Musalo
Neela Chakravartula
Center for Gender &
Refugee Studies
200 McAllister Street
San Francisco, CA 94102
(415) 565-4877

Robert Silverman
Oxfam American
Suite 500
Boston, MA 02115
(617) 482-1211

Scott Michelman
Arthur B. Spitzer
American Civil Liberties Union
Foundation of the District of
Columbia
915 15th Street, NW, 2nd floor
Washington, D.C. 20005
(202) 457-0800

Tamara F. Goodlette
Refugee and Immigrant Center for
Legal Education and Legal
Services (RAICES)
802 Kentucky Avenue
San Antonio, TX 78201
(210) 960-3206

This Court has already denied Texas's attempt to intervene in this appeal, instead allowing it to file an amicus brief like the other eight amici. Texas seeks to interject itself again by requesting to participate in oral argument. Its participation, opposed by both parties, should be denied. However, if the Court grants oral argument time to Texas, Plaintiffs respectfully request they be afforded oral argument time equal to the total time allotted to Defendants and the State of Texas.

Texas provides no good reasons to grant it oral argument time, let alone the "extraordinary reasons" it must show. D.C. Cir. Rule 34(e); *see* D.C. Cir. Handbook of Practice and Internal Procedures 52 (2021) (such motions are "sparingly granted"). Its interests in this litigation are adequately represented by Defendants and its arguments are already laid out in a 24-page amicus brief. Texas's further participation at argument would not contribute to the Court's consideration of the issues presented in this case.

Texas argues that it should be permitted to participate in oral argument because it advances an alternative theory not pressed by Defendants, but that is not an "extraordinary reason" warranting oral argument participation. *See, e.g.*, *Blumenthal v. Trump*, No. 19-5237 (D.C. Cir. Nov. 12, 2019) (denying opposed motion to participate in oral argument by amicus curiae presenting alternative

1

ground for reversal). To the extent Texas's merits argument is relevant, it has already laid out its position in its amicus brief.[1]

Nor does Texas have any unique interest or expertise in this litigation justifying participation in oral argument. Filing a raft of suits against the federal government about immigration issues is not an extraordinary reason warranting participation in this case about the interpretation of 42 U.S.C. § 265. And this Court has already determined that Texas does not meet the standard for intervention, which considers whether a putative intervenor's interests are already adequately represented by the parties. *See* Order, *Huisha-Huisha v. Biden*, No. 21-5200 (Oct. 21, 2021); *Amalgamated Transit Union Int'l, AFL-CIO v. Donovan*, 771 F.2d 1551, 1553 (D.C. Cir. 1985). Indeed, Texas explicitly quotes Defendants' own statements about the purported harms, Amicus Br. 22, and embraces Defendants' view of the equities. *Id*. at 20 (stating that "Appellants'

---

[1] Texas's additional merits argument is that the expulsion authority Defendants claim under 42 U.S.C. § 265 is unnecessary because (it asserts) sources of authority outside the public health laws authorize expulsion. Amicus Br. 11-15. Its brief otherwise echoes Defendants' contention that Section 265 permits the government to suspend the immigration laws. *Id.* at 15-20. Texas's motion puzzlingly suggests that Defendants' current arguments are somehow different in this regard from those made by the "previous administration." Mot. 3. That is incorrect: Defendants' justifications have not changed, and they have never claimed any authority besides the public health laws to expel asylum seekers under the Title 42 Process. App. 149; *see P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 510-16 (D.D.C. 2020) (addressing same arguments presented by Defendants in this appeal).

opening brief (at 45-54) correctly described why a preliminary injunction is unwarranted").

Ultimately, Texas seeks to advance the same interests as Defendants and its motion to participate in oral argument, like its intervention motion, should be denied. If, however, the Court grants Texas's motion, Plaintiffs respectfully request that they be allotted argument time equal to the total time allotted to Defendants and the State of Texas, so that Plaintiffs are not forced to respond to both Defendants and Texas with less overall argument time.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Texas's motion to participate in oral argument or, if the Court grants the motion, to allocate to Plaintiffs oral argument time equal to the total time allotted to Defendants and the State of Texas.

Dated: December 6, 2021

Stephen B. Kang
Cody Wofsy
Morgan Russell
My Khanh Ngo
American Civil Liberties
Union Foundation, Immigrants'
Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770

Andre Segura
Kathryn Huddleston
Brantley Shaw Drake
American Civil Liberties
Union Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
(713) 942-8146

Karla M. Vargas
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516
(956) 787-8171

Jamie Crook
Blaine Bookey
Karen Musalo
Neela Chakravartula
Center for Gender & Refugee Studies
200 McAllister Street
San Francisco, CA 94102
(415) 565-4877

Respectfully submitted,

*/s/ Lee Gelernt*
Lee Gelernt
Omar Jadwat
Daniel A. Galindo
Ming Cheung
David Chen
American Civil Liberties Union
Foundation, Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2600
lgelernt@aclu.org

Robert Silverman
Irit Tamir
Oxford Fam
Suite 500
Boston, MA 02115
(617) 482-1211

Scott Michelman
Arthur B. Spitzer
American Civil Liberties Union
Foundation of the District of Columbia
915 15th Street, NW, 2nd floor
Washington, D.C. 20005
(202) 457-0800

Tamara F. Goodlette
Refugee and Immigrant Center for
Legal Education and Legal Services
(RAICES)
802 Kentucky Avenue
San Antonio, TX 78201
(210) 960-3206

*Counsel for Plaintiffs-Appellees*

4

## CERTIFICATE OF COMPLIANCE

This motion response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(1)(E) and (2)(A) because:

1. It contains 625 words.

2. It complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Professional Plus 2019 in 14-point Times New Roman font.

*/s/Lee Gelernt*
Lee Gelernt

## CERTIFICATE OF SERVICE

    I hereby certify that on December 6, 2021, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the DC Circuit by using the CM/ECF system. A true and correct copy of the foregoing has been served via the Court's CM/ECF system on all counsel of record.

                                        */s/Lee Gelernt*
                                        Lee Gelernt