LEE GELERNT
DEPUTY DIRECTOR
IMMIGRANTS' RIGHTS PROJECT

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

National Office
125 Broad Street, 18th floor
New York NY 10014
p. (212) 549-2660
f. (212) 549-2654
lgelernt@aclu.org

*By ECF*

January 18, 2022

The Honorable Mark Langer
Clerk, U.S. Court of Appeals
for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse and
William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

      **Re: *Huisha-Huisha v. Mayorkas*, No. 21-5200**
      (Oral argument January 19, 2022, before Judges
      Srinivasan, Wilkins, and Walker)

Dear Mr. Langer:

    Appellees respectfully submit the Supreme Court's opinions in *National Federation of Independent Business v. Department of Labor, Occupational Safety & Health Administration (OSHA)*, No. 21A244, 2022 WL 120952 (U.S. Jan. 13, 2022), and *Biden v. Missouri*, No. 21A240, 2022 WL 120950 (U.S. Jan. 13, 2022), as supplemental authority.

    In the *OSHA* decision, the Supreme Court stayed the agency's vaccine-or-test requirement for most large employers. *Id.* at *5. The Court rejected the government's statutory interpretation, explaining:

> It is telling that OSHA, in its half century of existence, has never before adopted a broad public health regulation of this kind . . . . This "lack of historical precedent," coupled with the breadth of authority that the Secretary now claims, is a "telling indication" that the mandate extends beyond the agency's legitimate reach.

*Id.* at *4 (quoting *Free Enterprise Fund v. Public Company*

1

**LEE GELERNT**
*DEPUTY DIRECTOR*
*IMMIGRANTS' RIGHTS PROJECT*



National Office
125 Broad Street, 18th floor
New York NY 10014
p. (212) 549-2660
f. (212) 549-2654
lgelernt@aclu.org

*Accounting Oversight Bd.*, 561 U.S. 477, 505 (2010)).

By contrast, the Supreme Court allowed another rule to go into effect that requires vaccination as a condition of participation in Medicare and Medicaid. *Missouri*, 2022 WL 120950. The Court emphasized that the "longstanding practice of Health and Human Services in implementing the relevant statutory authorities" provided ample precedent for the imposition of similar "health-related participation conditions." *Id*. at *3. The Court thus declined to limit "the exercise of authorities the agency has long been recognized to have." *Id*. at *5.

The decisions strongly support Appellee's position that 42 U.S.C. § 265 does not authorize Defendants' unprecedented claim to summary expulsion authority. Appellee Br. 15. While the Supreme Court acknowledged that all Americans continue to face a risk of contracting COVID-19, its holding was clear: Where Congress "has not given [an] agency the power" it claims, the pandemic cannot justify exceeding those limits. *OSHA*, 2022 WL 120952, at *5; *see also Missouri*, 2022 WL 120950 at *5 ("The challenges posed by a global pandemic do not allow a federal agency to exercise power that Congress has not conferred upon it.").

Respectfully Submitted,

/s/ Lee Gelernt
Lee Gelernt
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS
PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
lgelernt@aclu.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies within the type-volume limitations of Fed. R. App. P. 28(j) and D.C. Circuit local rules because the body contains 332 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Lee Gelernt
Lee Gelernt