

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7232
Washington, DC 20530

DJ # 145-0-13060

Tel: (202) 514-0236

January 18, 2022

Mr. Mark Langer
Clerk, United States Court of Appeals
  for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001
**VIA CM/ECF**

      RE:      *Huisha-Huisha v. Mayorkas*, No. 21-5200; Oral Argument Scheduled for January 19, 2022

Dear Mr. Langer:

      The Government submits this letter pursuant to Fed. R. App. P. 28(j) in response to plaintiffs' letter filed earlier today.

      The question in this case concerns the correct interpretation of 42 U.S.C. § 265. That statute was not at issue in either *National Federation of Independent Business v. Department of Labor, Occupational Safety & Health Administration (OSHA)*, 2022 WL 120952 (S. Ct. Jan. 13, 2022), or *Biden v. Missouri*, 2022 WL 120950 (S. Ct. Jan. 13, 2022). Moreover, unlike the vaccine-or-test requirement in the *OSHA* decision—which the Supreme Court noted affected "84 million Americans" and was an "exercise [of] powers of vast economic * * * significance," 2022 WL 120952 at *3—the CDC order at issue in this case applies only to certain noncitizens seeking to cross the border without valid travel documents and has no broad economic impact.

      Moreover, the CDC order "fits neatly within the language of" Section 265, *Biden v. Missouri*, 2022 WL 120950 at *3, the text of which is properly construed to include both the power to prohibit introduction of persons and the power to expel persons who enter in contravention of that prohibition. Although, as in

*Biden v. Missouri*, the challenged CDC Order "goes further than what the [CDC] has done in the past" under the relevant statutory authority, that is hardly surprising given that the CDC "has never had to address an infection problem of this scale and scope before." *Id.* at *3. Section 265 applies only when "there is a serious danger of the introduction of [any communicable] disease into the United States," 42 U.S.C. § 265—a circumstance that does not arise frequently. In addition, since at least 1985, CDC has invoked its Section 265 power to take other protective actions such as "re-exporting" property. *See* Gov't Op. Br. 28.

　　　　　　　　　　　Respectfully,

　　　　　　　　　　　s/ Joshua Waldman

　　　　　　　　　　　　Joshua Waldman
　　　　　　　　　　　Attorney for Appellees