**[ORAL ARGUMENT HELD JANUARY 19, 2022]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NANCY GIMENA HUISHA-HUISHA, on behalf of herself and others similarly situated,<br><br>        Plaintiffs-Appellees,<br><br>   v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, et al.,<br><br>        Defendants-Appellants. | No. 21-5200 |

**UNOPPOSED MOTION TO EXTEND TIME FOR
ISSUANCE OF THE MANDATE TO MAY 23, 2022**

For the reasons discussed below, Defendants-Appellants respectfully move this Court to extend the time for issuance of the mandate in this case to May 23, 2022. Absent the requested extension, the mandate would ordinarily issue on April 25, 2022. Plaintiffs-Appellees take no position on this motion.

## STATEMENT

In March 2020, the U.S. Centers for Disease Control and Prevention (CDC) issued an interim final rule and an order prohibiting the introduction of certain noncitizens into the United States, pursuant to its authority under 42 U.S.C. § 265. CDC issued a final rule in September 2020, and multiple subsequent orders that likewise prohibited the introduction of certain noncitizens into the United States, subject to recurring 30 or 60 day reviews.

The district court entered a classwide preliminary injunction on September 16, 2021, prohibiting the government from expelling noncitizen family units from the United States under the CDC's Orders. This Court stayed the preliminary injunction pending appeal.

On March 4, 2022, this Court affirmed the preliminary injunction in part. This Court agreed with the government that Section 265 likely grants the Executive authority to prohibit noncitizen family units from entering the United States during a public-health emergency and authorizes the Executive to expel noncitizen family units who violate such a prohibition, but the Court held that the Executive may only expel them to places where they will not be persecuted or tortured. The

Court ordered the Clerk to withhold issuance of the mandate until seven days after the time for filing a petition for rehearing expires or after disposition of any timely petition for rehearing, pursuant to Federal Rule of Appellate Procedure 41(b) and D.C. Circuit Rule 41. Absent a timely petition for rehearing, the mandate in this case would issue on April 25, 2022.[1]

On April 1, 2022, CDC issued an order terminating all its prior orders prohibiting the introduction of certain noncitizens into the United States pursuant to its authority under 42 U.S.C. § 265 and 42 C.F.R. § 71.40. *See* Centers for Disease Control and Prevention, Public Health Determination and Order Regarding Suspending the Right To Introduce Certain Persons From Countries Where a Quarantinable Communicable Disease Exists, 87 Fed. Reg. 19,941 (Apr. 6, 2022). The termination will be implemented on May 23, 2022. *See id.*

---

[1] The government has determined that it will not file a petition for rehearing or rehearing en banc in this case.

## ARGUMENT

The government respectfully requests that this Court extend the time for issuance of the mandate in this case until May 23, 2022, the date of implementation for CDC's termination of its prior orders.

If the mandate in this case issues on April 25, 2022, the government will be required to implement as of that date screening procedures for members of family units encountered in the United States, so that they are not expelled under the CDC's Title 42 Order to a place where they will be persecuted or tortured. Those procedures would be interim procedures applicable only to members of family units, who are the only noncitizens subject to the CDC's Title 42 Orders subject to the preliminary injunction, as modified by this Court, and only for a short period of time.

Now that the CDC has issued a new order that terminates its prior orders with an implementation date of May 23, 2022, however, the Department of Homeland Security is working, in coordination with the CDC, to ensure that resumption of the processing of arriving noncitizens encountered in the United States under Title 8 can be implemented for all noncitizens consistent with public health mitigation

tools to combat remaining risks from COVID-19. *See* 87 Fed. Reg. at 19,955-19,956.

In the absence of a stay of the mandate, the government would be required to implement these two separate processes simultaneously—one process to comply with the injunction partially affirmed by this Court, under which the government must screen noncitizens in family units to determine if they will likely be persecuted or tortured in the place to which they would be expelled; and a separate process to implement the termination of all prior Title 42 orders. Issuance of the mandate would divert scarce government resources to implement this Court's modified injunction for only a short period of time, and thus impede the government's ability to implement the resumption of Title 8 processing in an orderly and safe manner consistent with public-health needs.

Under Federal Rule of Appellate Procedures 41(b), this Court may "extend the time" for issuance of the mandate beyond the date on which the mandate would otherwise issue, *i.e.*, April 25, 2022. The government respectfully requests that this Court extend the time for issuance of the mandate to May 23, 2022.

Plaintiffs-Appellants take no position on this motion.

## CONCLUSION

For the foregoing reasons, this Court should extend the time for issuance of the mandate to May 23, 2022.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SHARON SWINGLE

　s/ *Sharon Swingle*
JOSHUA WALDMAN
ASHLEY CHEUNG
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 7250
Washington, D.C. 20530
(202) 353-2689
Sharon.Swingle@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 819 words, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f).  I further certify that this response complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared using Microsoft Word 2013 in a proportionally spaced typeface, 14-point Century Schoolbook font.

                                                   *s/ Sharon Swingle*
                                                   SHARON SWINGLE

# CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*s/ Sharon Swingle*
SHARON SWINGLE